UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Earl Porter, JR.,

Case No. 10-40345
Chapter 7
Hon: Tucker

Debtor.

## Brief In Support Of Debtor's Motion To Reopen Chapter 7 Bankruptcy Case In Order To File An Adversary Complaint Against Unicare For Its Violation of the Sec. 524 Discharge Injunction

Debtor Earl Porter filed for Chapter 7 Bankruptcy in 2010. In his Petition the Debtor listed Unicare Overpayments which occurred in 2004. It is uncontroverted that the Debtor received $55,000.00 from Unicare beginning in 2004. It is also not debatable that the Debtor received money from The Social Security Administration in approximately 2006. It is further true that the Debtor's contract with Unicare called for repayment to Unicare of any monies received from the SSA. This was to make sure that the Debtor could not 'double dip' and receive two separate compensations for one injury. The Debtor failed to adhere to his end of the contract.

From 2004 to 2008 the Debtor underwent a lengthy recovery from a car accident. In the accident the Debtor suffered significant and life threatening injuries. This included numerous soft tissue injuries, including fibromyalgia. Seven months after the Debtor received his Chapter 7 Bankruptcy discharge in 2010 he was seriously wounded after being shot in the leg. This gunshot injury was approximately 6.5 years after the aforementioned car accident. These injuries were totally unrelated.

The Debtor applied for Unicare benefits and was denied based on his failure to repay Unicare for the 2006 overpayment. The Debtor is before this Honorable Court today to ask for damages for Unicare's willful violation of the Bankruptcy Discharge Order. Unicare wrongfully claims the equitable Doctrine of Recoupment as grounds for denial of benefit payment to the Debtor.

The recoupment position cannot successfully be argued by Unicare as nearly

every court decision in the last 50 years states that recoupment must occur out of one transaction. In Re Delicruz, 300 B.R. 669 (2001). Specifically, the Delizcruz court ruled "Recoupment is applied when there are countervailing claims arising from the same transaction strictly for the purpose of abatement or reduction... and provides for the adjudication of the just apportionment of liability relative to a dispute regarding a singular transaction. Because recoupment only reduced a debt as opposed to constituting an independent basis for a debt, it is not a claim in bankruptcy, and is therefore unaffected by the Debtor's discharge.' Delicruz, 300 B.R. 669, 680 In other words, Unicare could only claim the Doctrine of Recoupment if it were trying to offset benefits being paid to the Debtor for his injury that occurred in 2004. Certainly, Unicare cannot argue that the two incidents for which Debtor is seeking benefits are related. For this reason alone, Unicare has violated the instant discharge order and must compensate the Debtor.

Unicare relies on the contract the Debtor signed as its grounds for recoupment. Again, this must fail as the transactions here are unrelated. Furthermore, it is not the Debtor's responsibility to prove that the Doctrine of Recoupment does not apply. The Doctrine of Recoupment is an affirmative defense and "the burden of proof on matters raised in the use of recoupment is on the party who raises them." Grogan v. Garner, 111 S. Ct. 654 (1984). As such, Unicare has the present burden to demonstrate by a preponderance of the evidence the recoupment applies. It is clear from this fact pattern that they cannot meet this burden of proof.

Unicare's refusal to pay the Debtor's current benefit is not a recoupment. Instead, this is an attempted setoff. Setoff is clearly prohibited, in this type of instance by the bankruptcy code. "Recoupment should be distinguished from setoff: The latter reduces or extinguishes a mutual debt arising from different transaction, and is subject to the automatic stay. On the other hand, recoupment reduces or extinguishes a debt arising from the same transaction and is not stayed by the bankruptcy" Delicruz 330 B.R. 669 at 680.

The Delicruz Court relied on the findings of In Re Bram, 179 B.R. 824 (1995). The Bram court opined that the key issue in determining whether the Doctrine of Recoupment applies depends upon whether or not the prepetition overpayments and the

postpetetion benefit payments arise from the same transaction. Delicruz, at 681. Again, the transaction resulting in the Debtor's current Unicare claim differ completely from the claim for which Unicare is seeking recoupment. Therefore, the court must deny said recoupment doctrine.

The Debtor's position regarding recoupment has been opined and concluded in dozens, if not hundreds of rulings all across the United States. It is well decided that a "single integrated transaction cannot stretch over a period of years for purposes of avoiding the automatic stay.' United States v. Nicolet, 857 F.2d 202, 207 (1988). Further, 'both debts must arise out of a single integrated transaction, so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations." Id.

This issue before this court is extremely rare and unique. In order for the instant situation to occur a debtor would have to be injured, owe money to a disability company, then file bankruptcy, then suffer a new injury. From the Debtor's research this exact situation has never been decided in our district. The Debtor would like to turn this courts attention to the 9th circuit opinion In Re Madigan, 270 BR 749 (2001). In Madigan as in this case the Debtor filed a complaint for violation of the discharge order against the disability company. Also in Magidan, the Debtor is claiming that the insurer is adjusting postpetition benefits in order to recover prepetition benefits. Madigan 270 BR at 751.

As in Madigan the Debtor here signed an agreement that if the employee became eligible for Social Security payments the policy benefits would be reduced. Aetna, in Madigan, was given the rights to recover from the employee the excess benefit, or to adjust for overpayments by deducting such excess amounts from any subsequent monthly benefits payable to the employee. Madigan at 751. In Madigan the Debtor received $17,029.07 from Social Security but failed to tell or reimburse Aetna. On November 18, 1997 Madigan filed for Chapter7 Bankruptcy and listed his debt to Aetna. The Debtor here listed his debt to Unicare in Schedule F. The Debtor here did not immediately file bankruptcy upon returning to work. Instead he tried to repay Unicare until he could no longer afford to pay his normal bills and expenses and was forced to seek Chapter 7 relief. In both cases the Debtors were injured in an unrelated manner to their first injury. In both cases the Debtors were denied insurance benefits based on recoupment.

The Madigan court ruled that the two year interval between the two injury periods created separate disability claim periods. The Court held that the first disability claim was not logically related to the second claim and was not the same transaction. Madigan at 753. The court concluded that Aetna's actions were a prohibited set-off rather than an allowable recoupment. Id. The court ordered Aetna to pay the Debtor the amount withheld from the Debtor's postpetition disability benefits with interest.

In Madigan, Aetna argued that the Bankruptcy Court has misconstrued the disability policy language. In this case, Unicare will present the same argument. The Debtor requests that the court read any disability policy language in a narrow scope in order to respect the vast power of the Debtor's bankruptcy discharge. Further, Unicare had an obligation to pay benefits to Debtor on the most recent claim. The Debtor missed nearly three years of work and returned to the work force. He, through his contract with Ford, was paying for his disability benefits. It would be inequitable to deny the Debtor benefits incurred under the new injury. The Debtor had no notice that Unciare or Ford would be denying future unrelated disability claims. To allow Unicare to recoup any money in this factual situation would be unfair, unjust and illegal.

As such the Debtor seeks repayment of 8 weeks of payments which Unicare wrongfully refused; damages for Unicare's willful violation of the Bankruptcy Discharge order in the amount of $10,000.00 and reasonable attorney's fees in the amount of $200.00 per hour for having to bring this motion before this court.

Respectfully Submitted,
Neal J. Brand & Assoc, PLLC

Dated April 13, 2011

S/ Neal J. Brand (P60137)
Attorney for Debtor
17117 W. Nine Mile Rd, Ste 1035
Southfield, MI 48075
248/.423.4500
Email: Neal@njbrandlaw.com